Good morning, and may it please the Court, Tripp Johnston, the Federal Defenders, on behalf of Jorge Herrera-Cortes. In this case, Mr. Herrera pled guilty to importation of a contract. Counsel, I have this basic question in my mind. There's an obligation, is there not, on the part of the probation officer, as an officer of the Court and part of the Court, to make a thorough investigation and report to the sentencing judge the facts and circumstances surrounding the offense. Do you agree with that? Absolutely, Your Honor. Let's assume, with this plea agreement that we have here, including the government agreeing to recommend the minor, the two-level reduction for a minor participant, let's assume that officer, the case agent that the probation officer talked to, said, I have information that this person was smuggling drugs on an ongoing basis. Is it your position, with this plea agreement, you're claiming a breach of the plea agreement, that the probation officer has to say, stop right there? You're breaching the plea agreement. You can't tell me any further information that might warrant, is that your position? No, my position is not that the probation officer. All right, isn't it the obligation of the probation officer in that report to give the sentencing judge all the information, then the sentencing judge makes a determination? Well, absolutely. In the end, the sentencing judge makes a determination. However, it wasn't the breach of the probation officer. Well, but your argument to recuse the sentencing judge in this case was that, I forget the case agent's name, and the case agent said, probably Mr. Herrera was more involved than you think, or was probably. Significantly involved. Probably. Well, the word was probably more involved. Now, based upon that, you move to recuse the judge. You say that's a breach of the plea agreement. You move to recuse the judge. Under your argument, wouldn't you also recuse the probation officer? Wouldn't you also recuse the supervising probation officer who reviews the pre-sentence report? Well, no, Your Honor. I don't think it goes that far. The reason why. Why did you feel the judge should be recused, then? Your argument is the government breached the plea agreement because the case agent told the probation officer what he knew. Well, at that moment, Your Honor, in the district court, once the probation report came back with what I've argued is the breaching language, the judge had been exposed to this breach. Sentencing judges get exposed to issues all the time on both sides of the case. Is this person a mule on more than one occasion? The sentencing judge then makes those determinations. That isn't any basis for saying that judge can't be the sentencing judge. Your Honor, Judge Quackenbush, this court has been clear that when there is a breach of the plea agreement by the government. What's the breach of the plea agreement? The breach is the case agent's opinion that was offered to the court that Mr. Herrera probably had significant involvement in drug trafficking. That's the breach. But then that's for the sentencing judge to determine, isn't it? Well, in this instance, I raised the issue. I objected that there was a breach. And this court has held that the proper remedy for breach. And I don't think we have to wait until we get to the Ninth Circuit to have this remedy, is that even if the sentencing judge says, I am not considering that. And this was this court's decision in Camper. This court has consistently held that it should be remanded for specific performance in front of a different judge. And that's why I made that motion, because that was the remedy proposed by this court. And it's been consistent by this court. Now we're here. And it still is my position that that would be the appropriate remedy in this case. The concern in this case is that this. What should the case officer have said? Was it wrong of the probation officer to ask him? It was not wrong of the probation officer to ask for. Okay, so if we got a breach then, then what's the case officer supposed to say? I can't answer the question? No. The probation officer asked the case officer, to use Judge Quackenbush's words, for the facts and circumstances of the case. And I've repeatedly said in my briefing that telling him all the facts of the case was not inappropriate. I agree with the government that there's a duty of candor to the court and that he can't withhold facts and information about the case. But he didn't offer any additional facts, did he? He just said, based upon Mr. Herrera making that trip across. The practice run. The practice run 11 days earlier and the quantity of drugs, that indicates to me the case agent, he was probably involved more than just this. He didn't offer any new evidence to the probation officer, did he? And I have no qualms with the fact that Mr. Herrera did a practice run 11 days before the offense. I have no qualms with him saying that this was before retesting approximately 18 or 15 kilograms of cocaine. Where he breached was when he further opined that Mr. Herrera probably had significant involvement in drug trafficking. The government had made a promise to Mr. Herrera. They didn't promise that the case agent wouldn't tell what he thought, did they? Well, we must read a plea agreement through the view of the criminal defendant, what his reasonable expectation was at the time that he entered that agreement. What if additional evidence came to the attention of the assistant? Is he bound, that would indicate more involvement by Mr. Herrera, is he bound, is the government bound to withhold from the sentencing court the information that the government has? Well, the plea agreement was clear that they have a duty to provide all facts and circumstances. If it's relevant conduct to the defense... But my question is if they do come into additional information, are they bound by this plea agreement to withhold as officers of the court from the sentencing judge what they know? Absolutely not. This court said in Franco-Lopez that the provision of the information was not itself a breach of the plea agreement. However, this court in Franco-Lopez also held that when the provision of information coupled with an opinion or recommendation that undercuts the government's opinion is offered that that is a breach of the plea agreement. They never backed off from their recommendation, did they? Well, they did. The government stood by their recommendation that Judge Burns give credit for the two-level reduction for a minor participant. Well, I guess the fundamental question then is who is the government and who did Mr. Herrera reasonably believe to be the government when he entered into an agreement with a party, the United States? He didn't enter into an agreement with Rebecca Canner, assistant United States attorney. He entered into an agreement with the United States. And it seems now that the government's 11th-hour position is to try to separate the case agent from the prosecutor in this case, to say the government is the prosecutor and the case agent is just some other independent entity. But to follow that conclusion, it would undermine the plea agreement process. If a criminal defendant is offered an agreement into which he enters and it says the prosecutor is going to abide by the terms of the opinion as to what your sentence should be or what he believes your role is, then it's pretty much illusory to enter into that agreement. The case agent is absolutely a part of the party that's represented here. I cited cases from this circuit which obviously recognize that the case agent's statements under 801 D2D are admissible as admissions of a party opponent. There's a sequestration rule, 615, that says the case agent is a party and, therefore, isn't subject to sequestration during trial as a witness. I cited the Seventh Circuit's decision in United States v. Cook, which actually probably comes as close as any case I've found to this situation, where the prosecutor simply provided the file for the case to the probation officer, which contained statements and opinions by the case agent that probation then reported to the court. And in that instance, the court said that there was a breach of the plea agreement. It was the case agent's statements. And the reason why there was a breach is because the government can't do indirectly what it's not permitted to do directly. So we have a situation where we could easily put the shoe on the other foot. What would happen if Mr. Herrera was not permitted to argue for minor role, yet I would have my investigator, when he communicated with the probation officer, say, look, he was a minor player for all these reasons. He had a minor role. Or in this case where Mr. Herrera had documented mental health concerns and I made a motion to make a motion for a departure under diminished capacity, if I had my expert that I'd retain to contact the probation officer, or when the probation officer contacted him to say Mr. Herrera was acting under diminished capacity, if I was in a plea agreement where I wasn't permitted to ask for those departures, or Mr. Herrera wasn't asked or permitted to ask for those departures, that would be a clear breach. I don't see how we can make a distinction between the prosecutor and the case agent without completely undermining the plea agreement process. I've gotten through one of my arguments, which I see some resistance to, and I'm going to go through the rest of my arguments. And if there's any resistance from the Court, I'd be happy to briefly address the second argument, if the Court would permit me to do that. And I'll, we have consumed some of your time. I'll allow you a minute to do that. Thank you, Your Honor. If the Court disagrees that there wasn't a breach in this case, the sentence should still be vacated and remanded, because in essence, the Court, in this case, its legal analysis was in error where it solely defined the scope of the case. It did not define the role to the offense of conviction, in this case, importation of a drug into the United States. When you look at the analysis by the Court, his conclusion was, qualitatively, the defendant's the one who drove the car across the border. He says that twice. That's the sum analysis of why he believed Mr. Herrera did not have a minor role compared to others. I think that the comparisons he made to the recruiter, Antonio Lorenzen, and the organizer who was only known to Mr. Herrera as Willis, they're false comparisons when the point of reference is solely the offense of conviction. This Court, and Rojas Millan, as well as Webster, said that that's inappropriate. This case is almost perfectly analogous to Webster, where the district court said, look, this guy's been convicted of possession with intent to distribute. He possessed the drugs. He was going to distribute them. How can I find minor role in those circumstances? That's exactly what Judge Burns did in this case. And you don't have to take my word for it. You can also look further in the record to Judge Burns' statement, and I think it denigrates the whole process, saying that the government enters into these minor role agreements. It's just a plea bargaining tool. And then he further takes the entire Court to task when he says, quote, routinely in my judgment in this courthouse, the judges give two points off for minor role, even though if they looked at the facts and they evaluated them under the standards that have been articulated today, they would say this doesn't qualify. Judge Burns was saying there judges view facts differently. Well, what he's saying is that if they... He's saying some judges might view this differently and might conclude that Herrera was entitled to two-level reduction as a minor participant. Well, I agree with him in this regard. If the other courts used the standard that Judge Burns used in that instance, they would agree that no one qualifies for minor role who's a courier, because he has condensed the analysis to the person who drives the car across the border as being the most serious player. You want to rule that under these circumstances, including the practice run and the quantity of drugs and everything, don't you seek a rule that such mules operating in that manner are, as a matter of law, entitled to a two-level reduction? Absolutely not. Well, first, I don't think that any facts are presented in this case that would demonstrate Mr. Herrera was anything other than a 37-year-old man with absolutely no documented criminal history who was recruited for the first time to bring drugs across the border. But I am saying that the rule that cannot be propounded by this Court is that the analysis can be narrowed into, if you drive the car across the border, you've committed the offense of importation, therefore you cannot be a minor player. There's nothing in Mr. Herrera's case. And the government has cited a number of cases, and I could easily go through each one and show where there's something more than the person being a courier that caused either the District Court or the Court of Appeals. Counsel, if we – this is an alternative argument, because you've argued first that the government's breached. If we were to reach this argument, which I think then concedes that we didn't think there was a breach, isn't Judge Burns and aren't we entitled to rely on the information that the case officer gave the probation officer? Well, let me think about that for a second. If this case was – if the Court did not find a breach and was considering whether to vacate the sentence to remand for resentencing, could this Court on its own rely on – well, can we then look at the evidence that was before Judge Burns, including what the case officer told the officer who prepared the PSR? Well, I think that the information that was provided by the case agent concerning his belief that Mr. Herrera is significantly involved in drug trafficking, this Court could not consider that information. It was a breach. The remedy is – Right, but I just assumed – if we get to this argument, it assumes then that we didn't think there was a breach. If we don't think there's a breach, isn't Judge Burns entitled to take this into account, in which case you can't – you don't have an argument for a minor role? I don't understand why I wouldn't have an argument for a minor role. I think Judge Burns' analysis of – the District Court's analysis of the facts in this case were – there wasn't a proper analysis of the facts. This isn't an issue of whether he was clearly erroneous in his determination of a minor role. It's how he went about doing the analysis. If this Court remands, it should remand with instructions that you should – to follow Webster, Rojas, Milan, and to consider the conduct. As the guidelines have said in the 1990 amendments and the 2001 amendments, first, that you compare Mr. Herrera not just within the offense of conviction. That's the 1990 amendments. In the 2001 amendments, that you cannot be precluded from minor role simply for transporting drugs. There's nothing in any of the District Court's findings that show that Mr. Herrera had an aggravating circumstance. What we know is that Mr. Herrera had an aggravating circumstance. What we do have, and what the Court did validate and made findings of, is that he was being recruited by a person who had connections hundreds of miles away. I think we're familiar with the facts. Very well. But just in summary, the person who organized this event, who got Mr. Herrera across the border, was in the District Court's very own case. And the District Court's findings are that Mr. Herrera was not substantially less culpable than that person on this record. Unless the District Court was applying an analysis that he was simply looking at the offense of conviction, bringing the drugs across the border. Thank you, Counsel. Good morning, Your Honors. Bruce Kastner on behalf of the United States. Your Honor, we think Judge Bruns was spot on when he denied the breach motion in this case. He stated three reasons and they're all fully supportable by the record.  Second, he said that the court's decision to give the case to the government, by that he meant the Assistant U.S. Attorney, was consistent in everything she filed and every word she spoke. You should get one. Would it violate the agreement if the case agent had gone to the probation officer and said, this guy's not a minor participant? I believe not, Your Honor. Let me tell you why. I think as a general matter, absent some showing of collusion that made the whole plea agreement process illusory, it's the U.S. Attorney that speaks for the government in the courtroom in sentencing, it's the U.S. Attorney that negotiates plea agreements, and absent some unusual circumstance, whatever the case agent says to the probation officer is not the government speaking a legal position at sentencing. I speak for the government when I'm in this courtroom, I speak for the government in front of Judge Bruns, and that's something the case agent says to the probation officer. So the government can make a plea agreement and say, all right, we will recommend a reduction as a minor player, but the people in my office are going to go to the probation officer and tell him. No, I disagree. That would be fraud. That would be an illusory plea agreement. That would be what I'm talking about, the exception to the rule. That would be not right. If I said, Mr. Johnson, I'm going to agree to recommend minus two, and I called the agent, hey, I had to give this guy minus two, but I really don't believe in that, pound this guy, dump on him, that would be a different situation totally. I'm not saying that would not be improper. What I'm saying is when a probation officer goes to a case agent to talk to the case agent, things the case agent says should not be considered whether we breach the agreement in court, because we made our recommendation. We're speaking for the government. The U.S. attorney negotiates pleas, and the U.S. attorney speaks for the government in its legal position in court. That's what we do. And Judge Bruns recognized that when he said, the government, referring to us, stood up every time. This case agent never appeared in front of me. I don't know this case agent. I've never met this case agent. I don't consider what he said to be a recommendation on sentencing. That's because that case agent doesn't speak for the government in sentencing. But beyond that, he said what the agent said was not tantamount to a recommendation that this person not get a minus rule, because what did the case agent say? He said, based on these facts, probably this defendant was substantially involved in narcotics trafficking. Does anyone in this courtroom really believe that if you're smuggling 30 pounds of cocaine across the border in a car registered view, you're not substantially involved in drug smuggling? That wasn't the issue that was being litigated. The issue being litigated was, should he get minor rule? The issue in minor rule is, what is your relative culpability? This agent didn't say anything about Mr. Herrera's relative culpability compared to Antonio, Mr. Pruder, or compared to Willis, the person that had the car or the drug. He said nothing about minor rule. He made no comment that affects what relevant culpability. You can be substantially involved in drug trafficking and get minor rule. That's the whole purpose of minor rule. You can be substantially involved in a huge cocaine deal, and your role, although substantial, is substantially less culpable than the average participant, and you get minor rule. This agent didn't say one word that impacts whether this defendant should get minor rule. He didn't say he was more culpable than Antonio. But your position, if I understand it, is it doesn't matter what he said, as long as there wasn't any collusion with the prosecutor. It doesn't matter what he says, as long as he didn't collude with the prosecutor or did something, some due process or fundamental fairness issue that doesn't... I can't think of one right now, but I'm sure if we thought about it enough hypothetically, we could come up with one. But basically, my position is, the U.S. Attorney speaks for the government in the courtroom, and we state the government's legal position, and we put forth the government's position in sentencing and plea bargaining. But even if this Court disagrees with that... He recommended no minor rule. But, Your Honor, all this agent did was the guy drove across the border with 30 kilos, he did a drive-run, and was uncooperative. Those facts were admitted to him before everyone in the courtroom. His next statement, I guess you could call it, I don't know if it's semantics or not, it's not really an opinion, he said, deducing from that, I find he's substantially involved in drug trafficking. He did not say, the only place it says other cases is the prints that Mr. Johnston puts in his brief. Mr. Johnston's interpretation of that was he was involved in other cases. The agent never said that. Well, didn't Judge Burns also say, I'm not considering the agent... He absolutely said... Well, go ahead. You know my question, I guess. He absolutely said, the agent's statement has no part of my analysis. And I believe part of that was because the agent doesn't speak for the government, and the other part was... Well, you may lose some of this there. Knowledge that an agent might have of Brady, Giglio, that type of material is knowledge to the government, isn't it? No, no, I'm talking about he doesn't speak for the government expressing our legal position in court. But the other factor I think he was noting, because Judge Burns' entire analysis was about relative culpability, with Antonio, with Willis. He went so far to say, I'll give you, you know, there's people that grow it, there's people that package it, there's people that transport it, there's people that get it to the board, there's people that build the cars. He did all that. He didn't focus on whether or not this person had substantial involvement, because that's not the question he was dealing with. He was dealing with relative culpability. And this agent's statement, even if it's considered by this Court, did not address relative culpability. The only issue that Mr. Johnson claims was breaching the plea agreement. I just want to say, there's absolutely no motivation for the government, especially the U.S. Attorney, to breach these kind of plea agreements. These are fast-track cases. We do over 2,000 of these cases a year. We enter into these agreements with the understanding the defendant's going to get a very good deal, and the benefit to us is we don't have to litigate. There's no indictment, there's no motions, there's no hearings, there's no deportation proceedings. It helps us cope with these 2,000 cases a year. Our total motivation is to make sure these plea agreements are good, that they're followed, that we follow them. In fact, in this case, at the end of the sentencing hearing, Judge Burns is about to impose a 70 to 87-month guideline-arranged sentence. In fact, he did impose a 70-month sentence, and it was the Assistant U.S. Attorney who stood up and said, Your Honor, excuse me, I think you forgot the fast-track minus two. Judge Burns said, Thank you, I did overlook that. That got the defendant down to 57 to 71 months. The best thing in the world for us would have been a 51-month sentence in line with the plea agreement. We wouldn't be here arguing what's now become a slow-track case for me. This is not a fast-track anymore. It's a slow-track. I'm doing all this litigation I was trying to avoid. So there's no motivation for the government to violate these plea agreements. I don't think it's correct to say a comment like this by the case agent to the probation department, as innocuous as this comment is, could possibly be a breach. And Judge Burns did not rely on it. There was no breach. The analysis Judge Burns did was absolutely spot-on, and we think this Court should affirm this case. I'm happy to answer any questions. Otherwise, I'd submit it on the papers. Thank you, Counsel. Thank you very much. Mr. Johnson, we afforded you substantial opportunity. Is there anything that you would briefly like to tell the Court? With the Court's permission, please. I just want to highlight for the Court one point. Mr. Kassar said that only if there was collusion could you consider the case agent to be a breach. This Court has been clear, the Supreme Court in Sanibello has been clear. A breach can be inadvertent. No bad faith is required. In fact, and in my brief, it is clear that a contract has an implied covenant of good faith. The agreements are read in terms of contracts, and that good faith means that there's no lack of diligence and no slacking in performance. Therefore, the United States attorney does have a duty to ensure that the case agents do not undercut their recommendation in the case. You cannot separate a case agent from a United States attorney without undermining the plea agreement process. And finally, if the government believes the facts do not support a minor role recommendation, this Court has said they have an ethical obligation not to enter into such a plea agreement. They did enter into a plea agreement because the facts do support minor role, and if the proper analysis is followed, minor role would have been granted in this case. Okay. Thank you, Counsel. All right. We thank Counsel for the argument. United States v. Herrera-Cortez is submitted.
judges: Canby, Bybee, Quackenbush